## Zuroff v. Zuroff

*David N. Feldman,* for plaintiff.

FENERTY, J., January 22, 1947.—Plaintiff, in the bill, averred that she and defendant were husband and wife, having been married on October 15, 1944, in Philadelphia, Pa., in which city they had resided for a considerable time prior to the marriage, and are still residents of the said city; that, "during the early part of March 1946", defendant informed her that he had been advised by his physician to visit California, in order to effect a cure of a sinus condition with which defendant was afflicted; that she was unable to accompany defendant because of her physical condition, being pregnant at the time, but that, in order to aid defendant in his endeavor to regain his health, she gave him $150, which he used for the purchase of an automobile in which to make the journey; that, from the time of the marriage until "about the middle of April 1946", there had been no discord whatever between her and defendant, and defendant had always professed his love for her; that, at that time, he informed her that he "wanted his freedom"; that, on June 20, 1946, although defendant was domiciled and resided in Philadelphia, Pa., he instituted an action

in divorce in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, no. 30867, Dept. 1, wherein he, defendant, was named as plaintiff, and she, plaintiff herein, was named as defendant, fraudulently alleging that he was and had been for six weeks preceding the commencement of the action, an actual and bona fide resident of Nevada; that the summons in the Nevada action was served upon her in Philadelphia, Pa., on July 13, 1946; that, although she has a complete defense to the Nevada action, "she has no means or assets with which to prepare a defense or transport her witnesses" to Nevada; that her status as a wife will be questioned and her property rights jeopardized. She prayed that an injunction be issued against defendant, preliminarily until hearing, and permanently thereafter, restraining him from prosecuting the Nevada action.

After hearing, we granted a preliminary injunction as prayed for, and it was served upon defendant, together with a copy of the bill and notice of final hearing, in the manner prescribed in our decree.

Defendant did not appear nor was there any appearance for him by counsel.

### Discussion

Plaintiff and defendant were married in Philadelphia, Pa., on October 15, 1944. At that time, plaintiff lived at 2424 North Stanley Street and defendant lived at 1604 North Sixty-eighth Avenue, in this city. Plaintiff was born here on August 8, 1920, and has lived here continuously from that time to the present. Defendant was born September 3, 1920, in Washington, D. C., but has resided here approximately 20 years. At the time of the marriage, defendant was in the armed forces of the United States and during the latter part of 1944 was sent overseas, where he remained until he was discharged from the Army in November or December, 1945. On December 25, 1945, the parties

took up their residence at 2424 North Stanley Street, where they lived for a short time, and then moved to 2035 North Thirty-third Street and later to 248 South Eighth Street, returning to 2424 North Stanley Street during the early part of March 1946. Defendant was afflicted with sinus trouble, and "an asthmatic condition", and had been advised by his physician that a sojourn in California might ameliorate his condition. The parties lived together congenially. There was no evidence of dissatisfaction at this time and plaintiff borrowed $150 from a loan corporation toward the purchase of an automobile in which defendant began the journey. He left Philadelphia during the latter part of March 1946, stating to plaintiff that he would return to Philadelphia as soon as his condition improved. Plaintiff could not accompany him because of her physical condition, being pregnant. During the month of April 1946 he called her on the telephone and later wrote her a letter, making it clear that he had tired of the marital relation. It is apparent, from the tone of the letter, that defendant realized that he had no cause for divorce cognizable by the law of Pennsylvania.

Later she received a letter dated Las Vegas, Nev., May 9, 1946, from Paul Ralli, Esq., of the Nevada bar, stating that he had been instructed by defendant to institute a proceeding in divorce on the "ground of cruelty, which is similar to incompatibility in other States". There is no such ground in Pennsylvania. Also, in the letter, there was enclosed a form of power of attorney addressed to another firm of lawyers, which plaintiff was requested to sign and return. This power of attorney, if the action were in Pennsylvania, would be clear evidence of collusion, and shows that defendant knew that he would have no chance of success in any action brought under our law. Plaintiff did not sign the power of attorney.

On July 13, 1946, plaintiff, in Philadelphia, was handed a summons issuing out of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, no. 30867, Dept. 1, commanding her to answer a complaint, a copy of which was also handed her at the same time, wherein Martin Zuroff (defendant herein) was named as plaintiff, and Rose R. Zuroff (plaintiff herein), was named as defendant, in an action for divorce.

In the complaint, Martin Zuroff (defendant herein), averred, inter alia, that he was, and had been for more than six weeks prior to the date (June 20, 1946) of the commencement of the action, an "actual and bona fide resident of Clark County, State of Nevada". The evidence in the matter now before us shows clearly that that averment was false and fraudulent, and made solely to deceive the Nevada court. Plaintiff has shown, by convincing evidence, that defendant was domiciled in Philadelphia, Pa., in March 1946, and for 20 years prior thereto, and that his leaving Philadelphia at that time was not for the purpose of changing that domicile, but was for the express purpose of visiting California for a short time in an effort to regain his health and then to return to Philadelphia. This, of course, raises the presumption of continued residence in Philadelphia, and the burden was upon defendant to overcome it by satisfactory evidence: Dorrance's Estate, 309 Pa. 151, 172; Meng v. Meng, 47 D. & C. 429. There was no satisfactory evidence to the contrary in the present case.

## Findings of fact

1. That Rose Zuroff, plaintiff, and Martin Zuroff, defendant, were married at Philadelphia, Pa., on October 15, 1944, and such marriage still subsists.

2. That on June 20, 1946, Martin Zuroff, defendant was, and still continues to be at the present time, a

resident of Philadelphia, Pa., and his address is 2424 North Stanley Street, in said city.

3. That, during the latter part of March 1946 Martin Zuroff, defendant, left Philadelphia temporarily for the purpose of regaining his health, with the intention of returning to Philadelphia when that purpose was accomplished.

4. That on July 13, 1946, Rose Zuroff, plaintiff, in Philadelphia, Pa., was handed a summons and a copy of a complaint in a divorce proceeding issuing out of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, no. 30867, Dept. 1, in which Martin Zuroff, defendant herein, was named as plaintiff, and Rose R. Zuroff, plaintiff herein, was named as defendant.

5. That the averment in the complaint filed in the Nevada proceeding, that Martin Zuroff, defendant herein, is a bona fide resident of the State of Nevada, is false and fraudulent and made for the sole purpose of deceiving the Nevada court.

6. That the said action, instituted by Martin Zuroff in the Nevada court, is fraudulent and was commenced for the purpose of evading the laws of the Commonwealth of Pennsylvania.

### Conclusions of law

1. The divorce action instituted by Martin Zuroff, defendant, against Rose Zuroff, plaintiff, in the Eighth Judicial District of Nevada, for the County of Clark, no. 30867, Dept. 1, is fraudulent and void.

2. Martin Zuroff, defendant, should be enjoined from further prosecution of said action.

3. The costs in this matter to be paid by Martin Zuroff, defendant.

### Decree nisi

And now, to wit, January 22, 1947, it is ordered, adjudged and decreed that defendant, Martin Zuroff, be and he is enjoined and restrained from:

(*a*) Instituting or prosecuting any action in divorce against plaintiff, Rose R. Zuroff, in any court in the United States of America or elsewhere other than the Court of Common Pleas of the County of Philadelphia, Pa.;

(*b*) Permitting or causing to be permitted by any agent, servant or employe, any act whatsoever in furtherance of the action in divorce which has now been instituted or which hereafter may be instituted by defendant, Martin Zuroff, in the United States of America or elsewhere, except in the Court of Common Pleas of Philadelphia County, Pa.;

(*c*) Contracting in marriage with any person upon the authority or pretended authority of any order or decree which may hereafter be granted or issued to him in the United States of America or elsewhere, except by the Court of Common Pleas of Philadelphia County, Pa.;

(*d*) Performing or doing any act, directly or indirectly, by which the marital status of Rose R. Zuroff, plaintiff, may be jeopardized, changed, altered or affected in any manner whatsoever;

(*e*) Doing anything other than to instruct his attorneys, agents, servants or employes to discontinue and withdraw any proceedings in divorce instituted by him against Rose R. Zuroff, plaintiff, in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, or in any other foreign country or jurisdiction.

The costs in this matter to be paid by Martin Zuroff, defendant.

The prothonotary will notify the parties of the entry of this decree nisi, and, unless exceptions be filed within 10 days of the date hereof, will enter it as the final decree in the matter without further order.